**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY and DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>Defendants. | Case No. _____<br><br>[Removed from Franklin County Court of Common Pleas,<br>Case No. 21 CV 000858] |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Defendant Zurich American Insurance Company ("Zurich") removes this case from the Court of Common Pleas of Franklin County, Ohio, where it is now pending, to the United States District Court for the Southern District of Ohio, and states as follows:

**THE REMOVED CASE**

1. On February 9, 2021, ACE American Insurance Company ("Plaintiff") filed its Complaint against Zurich and Discover Property & Casualty Insurance Company ("Discover") in the Court of Common Pleas for Franklin County, Ohio, assigned Case No. 21 CV 000858 (the "State Court Action").

**I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332.**

2. This action involves a controversy between wholly diverse parties who are each citizens of different states and the value of the matter in dispute exceeds the sum of $75,000.00.

1

Accordingly, this action is one over which the District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### A. Diversity of Citizenship Exists.

3. Upon information and belief, Plaintiff is a Pennsylvania corporation with its principal place of business in Pennsylvania. Therefore, Plaintiff is a citizen of Pennsylvania for the purposes of 28 U.S.C. § 1332. (Compl. ¶ 6.)

4. Zurich is a New York corporation with its principal place of business in Schaumberg, Illinois. Therefore, Zurich is a citizen of New York and Illinois for the purposes of 28 U.S.C. § 1332.

5. Discover is a Connecticut corporation with its principal place of business in Hartford, Connecticut. Therefore, Discover is a citizen of Connecticut for the purposes of 28 U.S.C. § 1332.

6. Because Plaintiff is a citizen of Pennsylvania and Defendants are citizens of Illinois and New York (Zurich), and Connecticut (Discover), complete diversity of citizenship exists under 28 U.S.C. § 1332(a)(1).

### B. The Amount in Controversy Requirement Is Satisfied.

7. Diversity jurisdiction requires an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014) (internal citation omitted).

8. Where a plaintiff claims an unspecified amount in damages, a defendant seeking removal under diversity jurisdiction must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the statutory threshold. *See* 28 U.S.C. § 1446(c)(2)(B) (2012); *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016). Other than pleading the Common Pleas Court jurisdictional requirement of "an amount in excess of Twenty-Five Thousand Dollars," Plaintiff did not plead a specified amount of damages. (Compl. ¶ 27.) Rather, Plaintiff requests "equitable contribution for all past and future defense costs that ACE has paid or will pay on Safelite's behalf, plus interest, costs, and any additional relief to which ACE may be entitled, the exact amount of which will be determined at trial." (Compl. ¶ 27.)

9. Plaintiff seeks equitable contribution from Defendants Zurich and Discover for defense costs paid by Plaintiff on behalf of mutual insureds, Safelite Group, Inc., Safelite Solutions LLC, and Safelite Fulfillment, Inc. (collectively "Safelite"), for an underlying lawsuit filed on August 18, 2015. (Compl. ¶¶ 1, 11-22.)

10. To date, this underlying lawsuit, *Richard Campfield, et al. v. Safelite Group, Inc., et al.,* Case No. 2:15-cv-02733, has been proceeding for five and a half years in federal court. It concerns alleged violations of "Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)" by the mutual insured Safelite. (Compl. ¶ 12.) Plaintiff alleges Defendants owe equitable contribution for all past *and future* defense costs that ACE has paid or will pay on Safelite's behalf, plus interest, and costs for over five and a half years of litigation and counting, an amount that exceeds $75,000. Safelite has retained Jones Day as defense counsel at a rate of $450 per hour. (*See* Exhibit B to Compl. at p. 3.)

3

11. The Complaint, including the exhibits incorporated therein, therefore demonstrates by a preponderance of the evidence that the actual amount in controversy exceeds the $75,000 requirement set by 28 U.S.C. § 1332.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

12. Venue is proper in this Court for purposes of removal under 28 U.S.C. § 1441(a), but not necessarily for purposes of 28 U.S.C. § 1391 or any other applicable venue provision. By filing this Notice of Removal, Defendant does not waive any of its jurisdictional objections or affirmative defenses.

13. The Court of Common Pleas of Franklin County, Ohio, is located within the Southern District of Ohio. 28 U.S.C. § 115. Venue is thus proper because this is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

14. The Summons and Complaint were served upon Zurich via U.S. Certified Mail on February 17, 2021. The Summons and Complaint were served upon Discover via U.S. Certified Mail on March 3, 2021. This Notice of Removal is being filed within 30 days of service of a copy of the initial pleading setting forth the claims for relief upon which such action is based and, therefore, is timely under 28 U.S.C. § 1446(b).

15. As required by 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders is attached as Exhibit 1.

16. Defendant Discover consents to removal of this action. Its signed consent is attached hereto as Exhibit 2.

17. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice of Removal will be delivered to counsel for Plaintiff, as required by 28 U.S.C. § 1446(d).

18. In compliance with 28 U.S.C. § 1446(d), Defendant Zurich will, upon docketing of the Notice of Removal in this Court, file a copy of the Notice of Removal with the Clerk of the Court of Common Pleas for Franklin County, Ohio.

WHEREFORE, Defendant prays that this action proceed in this Court as an action properly removed, and that no further proceedings be had in the State Court Action.

Respectfully submitted, this 15th day of March, 2021,

*/s/ Kevin M. Young*
Kevin M. Young (0029715)
Jennifer L. Mesko (0087897)
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Tel:   216.592.5000
Fax:   216.592.5009
E-mail:  kevin.young@tuckerellis.com
          jennifer.mesko@tuckerellis.com

*Attorneys for Zurich American Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2021, a copy of the within and foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. In addition, written notice of the filing of this Notice of Removal will be delivered to counsel for Plaintiff:

Daniel F. Gourash
Seeley Savidge Ebert & Gourash Co., LPA
26600 Detroit Road, Suite 300
Cleveland, OH 44145

Christopher A. Wadley
Walker Wilcox Matousek LLP
One N. Franklin St., Ste. 3200
Chicago, IL 60606

/s/ Kevin M. Young
Kevin M. Young (0029715)
Jennifer L. Mesko (0087897)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Tel: 216.592.5000
Fax: 216.592.5009
E-mail: kevin.young@tuckerellis.com
jennifer.mesko@tuckerellis.com

*Attorneys for Zurich American Insurance Company*

5073107.1