IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| ACE AMERICAN INSURANCE COMPANY, | * | CASE NO. 2:21-cv-01127-EAS-EPD |
|---|---|---|
| Plaintiff, | * | STIPULATED PROTECTIVE ORDER |
| v. | * | |
| ZURICH AMERICAN INSURANCE COMPANY, et al., | * | |
| Defendants. | * | |

## STIPULATED PROTECTIVE ORDER

To facilitate discovery and protect the confidentiality of information and documents produced in connection with the above-captioned matter, the parties hereby stipulate to the following:

1. *Applicability of This Protective Order.* All information, things, and documents filed with the Court or produced by any party or non-party in discovery in these matters shall be governed by this Protective Order.

2. *Use of Information Produced Pursuant to This Order.* Information and material produced or exchanged in discovery in these matters and designated by a party or non-party as "CONFIDENTIAL" pursuant to the terms of this Protective Order (hereafter referred to as "Confidential Material") shall not be made available to any person or entity except as authorized under this Protective Order. Confidential Material shall be used by the party or parties to whom the information is produced solely for the purpose of the above-captioned legal proceeding, including appeals. Such information and material shall not be used or disclosed to any other person or entity for any other use or purpose, unless otherwise agreed in writing by the producing party or so ordered by the Court. For purposes of this Protective Order, the party or non-party

1

designating information and material as Confidential Material is defined as the "Designating Party." Nothing contained in this Protective Order shall affect the right of a Designating Party to disclose or use its own Confidential Material for any purpose. Non-parties may produce documents in accordance to this Protective Order, and in doing so, become subject to its terms. Nothing contained in this Protective Order shall affect the right of a party to use any documents or information obtained from other sources, even if the same documents and information have been designated as Confidential Material.

3. *Confidential Information Designation.* A party or non-party may designate as "CONFIDENTIAL" any document, material, item, deposition testimony, or information that is produced in the above-captioned litigation and which contains (a) confidential research, development, financial, commercial, technical, or other proprietary information of the Designating Party; (b) privileged material belonging to Safelite Group, Inc., Safelite Solutions, LLC, and Safelite Fulfillment, Inc. (collectively "Safelite") that was shared with the Designating Party in connection with the defense of the underlying lawsuit filed against Safelite; or (c) material that was designated as confidential or filed under seal in the underlying lawsuit. Information that is publicly available may not be designated as confidential.

4. *Designating and Marking Confidential Material.* Confidential Material shall be designated and marked as follows:

    a. A document is to be designated as Confidential Material by stamping or writing "CONFIDENTIAL" on the first page of the document and on each page that the Designating Party claims to contain Confidential Material.

    b. Information or material produced in a magnetic, optically, or digitally recorded medium (such as a CD, DVD, floppy diskette, tape, USB drive, portable hard drive or

other storage device) is to be designated as Confidential Material by marking or labeling the medium container as "CONFIDENTIAL." To the extent practical, all documents and information stored on a recorded medium to be designated as Confidential Material shall be individually marked as "CONFIDENTIAL."

    c.    A physical exhibit is to be designated as Confidential Material by affixing a "CONFIDENTIAL" label to it.

    d.    A discovery response is to be designated as Confidential Material by placing, on the first page of the set of responses and on each page that contains information that the Designating Party claims to be Confidential Material, the notation, "CONFIDENTIAL."

    e.    Portions of deposition transcripts (including exhibits) may be designated as Confidential Material (i) by making a statement to that effect on the record, during the deposition, or (ii) within fifteen (15) business days following receipt of a copy of the final deposition transcript, the Designating Party sends to all other parties, the court reporter for the deposition, and all other persons known to the Designating Party to have received a copy of the deposition transcript, a letter or other written notice via electronic mail or other means of written communication, identifying the pages and lines, and/or exhibits, to be designated as Confidential Material (the "Fifteen Day Notice"). During the time between the deposition and the time when the Designating Party serves the Fifteen Day Notice, all parties or other persons known to the Designating Party to have received a copy of the deposition transcript shall treat such information as "CONFIDENTIAL." Each copy of the transcript and portions thereof so designated shall be marked, by the person receiving the letter or other notice as "CONFIDENTIAL" and shall be governed by the terms of this Protective Order.

5.  *Inadvertent Misdesignation.*  A Designating Party that inadvertently fails to mark an item as "CONFIDENTIAL" at the time of the production shall have ten (10) business days after learning of the inadvertent failure or mistake to correct its failure or mistake.  The correction shall be made in writing, may be sent by electronic mail or other means, and shall be accompanied by substitute copies of each item, appropriately marked as Confidential Material.  Within five days of receipt of the substitute copies, the receiving party shall destroy or return the previously unmarked, or incorrectly marked, items and all copies thereof, or take other steps to ensure that the previously produced unmarked or incorrectly marked material is treated as Confidential Material in accord with the terms of this Protective Order.

6.  *Disclosure of Confidential Materials.*  Except with the prior written consent of the party asserting the "CONFIDENTIAL" designation, no Confidential Material may be disclosed to any person other than the following:

   a.  The parties (including, but not limited to, the parties' employees, officers, members, or directors), the parties' insurers, reinsurers, auditors, regulators, counsel of record for each party, and legal associates, their paralegals and their office staff, and/or corporate counsel for corporate parties.

   b.  Non-party deponents and witnesses to the extent such Confidential Material reasonably relates to the subject matter of their anticipated testimony;

   c.  Authors or original recipients of the Confidential Material;

   d.  Experts and consultants for the purpose of assisting in the preparation of the case or for the purpose of testifying by deposition or at trial;

   e.  Any court reporter or other person authorized or retained to administer oaths and record or transcribe testimony in this action;

4

f.  Any other person ordered by the Court or agreed to in writing by the parties; and

g.  The Court and any persons employed by or with the Court whose functions require access to said Confidential Material.

The persons identified in 6(c) through (d) shall agree to be subject to the terms of this Order by signing the attached Consent And Acknowledgment Of Protective Order ("Acknowledgment," copy attached as Exhibit A).

7. *Jurisdiction.* For purposes of any proceedings relating to the performance under, compliance with, or violation of this Protective Order, any party to this Protective Order, or any individual who executes the attached Acknowledgement, hereby agrees to subject himself or herself to the jurisdiction of this Court in connection with any matter, claim, or dispute arising out of or in connection with this Protective Order.

8. *Challenging Designation of Materials as Confidential.* A party may challenge the designation of Confidential Material only as follows:

a.  If a party believes that material designated by another party as "CONFIDENTIAL" should not be designated as "CONFIDENTIAL," that party (defined as the "Challenging Party" for purposes of this section) shall provide to the Designating Party written notice of its request to reclassify the material, sent via electronic mail. The Designating Party has seven (7) business days from the date that the Challenging Party sends its notice in which to respond, via electronic mail, to the Challenging Party's request. If no response is made by the Designating Party within seven business days, the material will be reclassified as requested by the Challenging Party.

b. If the parties cannot resolve their dispute informally, the Challenging Party may request appropriate relief from the Court. The Designating Party bears the burden to establish that the contested material should be protected as Confidential Material under this Protective Order and any applicable legal standards. The material involved shall be treated according to its original designation during the pendency of the challenge.

9. *Conclusion of Case or Subsequent Litigation.* All provisions of this Protective Order restricting the communication or use of Confidential Material shall continue to be binding after the conclusion of these matters, unless otherwise agreed by all the parties or ordered by the Court. After the instant matter is concluded, which shall be either (i) after the Court has entered final judgment and the time for all appeals has elapsed or finally concluded; or (ii) the above-captioned matter is dismissed for lack of jurisdiction, and more than 180 business days has elapsed following the entry of the order dismissing the instant matter (collectively, the "Conclusion of the Lawsuit"), a party in possession of Confidential Material designated by another party, other than that which is contained in pleadings, correspondence, deposition transcripts, and other work product, shall upon request from the Designating Party: (a) return Confidential Material to the Designating Party; or (b) destroy the Confidential Material and certify same in writing. Notwithstanding the foregoing, to the extent that a party is a regulated insurance company and is required to maintain its file materials for a period of time as designated in its applicable retention policy(ies), any Confidential Materials received by the insurance party may be maintained as long as it remains as Confidential under this Protective Order.

10. *Improper Disclosure of Confidential Materials.* If any Confidential Material is disclosed to any person to whom such disclosure is not authorized by this Protective Order, or other than in a manner authorized by this Protective Order, the party responsible for the disclosure

6

shall, upon discovery of the disclosure, immediately inform the Designating Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure (including the name, address, telephone number, and employer of the person to whom the disclosure was made), shall immediately take all reasonable efforts to prevent further disclosure by each unauthorized person who received such information, and shall immediately require each unauthorized person to return all Confidential Material that was improperly disclosed to that person, all copies made of the improperly disclosed Confidential Material, and all documents containing excerpts from or references to the improperly disclosed Confidential Material.

11.     *Filing Materials Containing Information Designated Confidential.* In the event a party seeks to file with the Court any confidential information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal.

Any motion to file a document subject to this Order under seal must meet the Sixth Circuit's standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). The burden of demonstrating the need for and appropriateness of a sealing order is borne by the moving party, and requires the moving party to analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. Regardless of whether the parties agree, it remains the Court's independent obligation to determine whether a seal is

7

appropriate for any given document or portion thereof. Any proposed sealing, even when compelling reasons exist, must be narrowly tailored to serve the compelling reasons.

When a party to this Order seeks to file documents which it believes may warrant sealing, but is not the party who may be prejudiced by the document or documents becoming part of the public record, the filing party shall provide the potentially-prejudiced party or parties, or any potentially-prejudiced third party or parties, with written notification of its intent to file such documents at least (14) fourteen days before doing so. After being provided such notice, the potentially harmed party or parties will then have (7) seven days to file with the Court a motion for sealing. The Court will rule on the motion as promptly as possible.

12. *Modification of Protective Order.* Each party reserves the right to request that the Court modify the terms of this Protective Order in the event that the party believes that a modification is necessary. If such an application is made, all signatories of copies of the Certification, as well as persons described herein, shall remain bound by this Protective Order unless and until it is modified by the Court.

IT IS SO ORDERED:

Dated: May 24, 2021.

ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE

ENTRY OF ORDER STIPULATED TO BY:

/s/ Paul D. Eklund
Paul D. Eklund (0001132)
Collins, Roche, Utley & Garner, LLC
875 Westpoint Parkway, Suite 500
Westlake, Ohio 44145
P: (216) 916-7730; F: (216) 916-7725
E-mail: peklund@cruglaw.com

Attorney for
Discover Property & Casualty Insurance Company

/s/ Kevin M. Young
Kevin M. Young (0029715)
Jennifer L. Mesko (0087897)
Tucker Ellis, LLC
950 Main Avenue, Suite 1100
Cleveland, Ohio 44113
(216) 592-5000 Fax: (216) 592-5009
E-mail: kevin.young@tuckerellis.com
        Jennifer.mesko@tuckerellis.com

Attorneys for Zurich American Insurance Company

/s/ Daniel F. Gourash
Daniel F. Gourash (0032413)
Seeley Savidge Ebert & Gourash Co., LPA
26600 Detroit Road, Suite 300
Cleveland, Ohio 44145
(216) 566-8200
E-mail: dfgourash@sseg-law.com

/s/ Christopher A. Wadley
Christopher A. Wadley
Walker Wilcox Matousek, LLP
One N. Franklin Street, Suite 3200
Chicago, Illinois 60606
(312) 244-6700
E-mail: cwadley@walkerwilcox.com

Attorneys for ACE American Insurance Company

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ACE AMERICAN INSURANCE COMPANY, | * * * | CASE NO. 2:21-cv-01127-EAS-EPD |
| Plaintiff, | * * | STIPULATED PROTECTIVE ORDER |
| v. | * * | |
| ZURICH AMERICAN INSURANCE COMPANY, et al., | * * * | |
| Defendants. | * | |

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY AGREED PROTECTIVE

I, _____, the undersigned, hereby acknowledge that I have been provided with a copy of the Stipulated Protective Order (the "Order") issued in this action, I have read the Order, I fully understand its terms, and I agree to be bound by all terms, conditions, and provisions of the Order. I recognize that during my participation in this action, I may have the occasion to read, hear, and/or otherwise encounter documents and/or information covered by the Order. I agree not to disclose documents or information subject to the Order except and only to the extent necessary for the purposes appropriate to my participation in this case and in all instances consistent with the Order. I further consent to the jurisdiction of the United States District Court for the Southern District of Ohio for the purpose of any proceeding to enforce the terms of the Order or to address the breach thereof.

Date: _____

_____
Signature

_____
Print Name

EXHIBIT A