**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ACE AMERICAN INSURANCE COMPANY,**

**Plaintiff**

**v.**

**ZURICH AMERICAN INSURANCE COMPANY, *et al.*,**

**Defendants.**

**Case No. 2:21-cv-1127**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge S. Courter M. Shimeall**

## OPINION AND ORDER

This matter is before the Court on Defendants Zurich American Insurance Company and Discover Property and Casualty Company's Joint Motion to Stay Execution of Judgment Without Bond. (ECF No. 85.) Plaintiff ACE American Insurance Company opposes the Motion. (ECF No. 86.) For the reasons stated below, the Motion is **DENIED**. (ECF No. 85.)

## BACKGROUND

ACE, Zurich, and Discover are insurance companies that issued commercial general liability insurance policies to a mutual client, Safelite Group, Inc. (ECF No. 33, PageID 160–161.) Each insurer's policies with Safelite obligated them to defend Safelite against covered lawsuits. (*Id.* PageID 160–161, 164–65.) ACE incurred nearly $5 million in defending Safelite in an intellectual property lawsuit between 2017 and 2019. (*Id.* PageID 163–64.) ACE sued Zurich and Discover for equitable contribution for the legal expenses it paid on Safelite's behalf. (*Id.* PageID 166.)

On February 24, 2025, this Court granted summary judgment in ACE's favor, finding that Zurich and Discover had an obligation to defend Safelite in the underlying litigation. (ECF No.

73.) The Court ordered Zurich and Discover each to pay ACE $1,657,212.23 in equitable contribution. (*Id.* PageID 4217.)

ACE filed a motion seeking pre- and post-judgment interest. (ECF No. 75.) The Court granted the motion and ordered Zurich to pay $437,231.61 and Discover to pay $433,372.35 in prejudgment interest, as well as both Defendants to pay post-judgment interest at the applicable statutory rate until the judgment is satisfied. (ECF No. 83, PageID 4287.) Discover filed an appeal in the Sixth Circuit, challenging the summary judgment decision and the award of prejudgment interest, which remains pending. (ECF Nos. 87, 88.)

Defendants filed their Joint Motion to Stay Execution of Judgment Without Bond (ECF No. 85), and ACE filed a response in opposition (ECF No. 86).

## LEGAL STANDARD

Federal Rule of Civil Procedure 62(b) permits a party to obtain a stay of execution of a judgment pending appeal by providing a bond or other security. This supersedeas bond requirement “serves to both protect the status quo and provide adequate security to protect the non-appealing party’s interest in his judgment.” *Gillispie v. City of Miami Twp.*, No. 3:13-cv-416, 2024 WL 897592, at *3 (S.D. Ohio Mar. 1, 2024) (Rose, J.).

A district court has discretion to waive the bond requirement. *Arban v. W. Publ’g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). The Sixth Circuit has stated that flexible bond requirement, including a stay, may be appropriate “where the defendant’s ability to pay the judgment is so plain that the cost of the bond would be a waste of money.” *Id.* (quoting *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)).

**ANALYSIS**

The Court first addresses a preliminary matter before proceeding to the Motion. After the instant Motion was filed, ACE filed a Satisfaction of Judgment acknowledging full payment and satisfaction by Zurich of its judgment obligations. (ECF No. 90.) Because Zurich has satisfied the judgment, the Court assumes that it no longer seeks the relief requested in the Motion and therefore considers the Motion only as it relates to Discover's payment obligations.

Discover moves to stay the bond requirement arguing that it is a large, prestigious financial institution that is fully capable of paying the judgment. (ECF No. 85, PageID 4291.) It asserts that it maintains "great financial transparency," and its finances are a matter of public record. (*Id.*) As support, it includes footnotes with internet links to (1) a Form 10-K filed with the United States Securities and Exchange Commission by The Travelers Companies, Inc. for fiscal year ending December 31, 2016, and (2) a press release titled "AM Best Affirms Credit Ratings of The Travelers Companies, Inc. and Its Main Subsidiaries" dated August 25, 2025. (*Id.*) Discover provides no explanation or summary of the relevant information it wants the Court to glean from these links.

Discover's conclusory assertions, without more, do not establish that its ability to pay the judgment is so plain that the cost of the bond would be a waste of money. Discover's internet links pertain to one of its parent companies, The Travelers Companies, Inc. ("Travelers"). (*See* ECF No. 10.) But Travelers is not a party to this action and Discover provides no insight into how Travelers is relevant to the judgment. *See Maxum Indem. Co. v. Drive W. Ins. Servs., Inc.*, No. 1:13-cv-191, 2019 WL 340107, at *2 (S.D. Ohio Jan. 28, 2019) (Black, J.); *Exel, Inc. v. S. Refrigerated Transp., Inc.*, No. 2:10-cv-994, 2014 WL 6901765, at *3 (S.D. Ohio Dec. 5, 2014) (Graham, J.). And even if the internet links were applicable, it is not the Court's responsibility to

sift through them to find support for Discover's assertions. *See Lexicon, Inc. v. Safeco Ins. Co. of Am.*, 436 F.3d 662, 672 (6th Cir. 2006) ("[A party] should not expect the district court or a fact-finder to sift through the record to identify evidence in support of its claims."). The Form 10-K, for example, is nearly 300 pages, and Discover provides no pincite references directing the Court to the portions that support its position.

Further, besides the links, Discover provides no financial figures, financial statements, or sworn testimony to support its assertions of its ability to satisfy the judgment. *See Gould Elecs. Inc. v. Livingston Cnty. Rd. Comm'n*, No. 17-11130, 2021 WL 1526277, at *4 (E.D. Mich. Apr. 19, 2021) (noting that, "[i]n instances where courts have granted waivers of the bond requirement, the moving party has submitted concrete evidence establishing its financial ability to satisfy the judgment" and collecting cases).

For these reasons, the Court is not persuaded that Discover has established that its ability to pay the judgment is so plain that the cost of the bond would be unnecessary.

**CONCLUSION**

For the reasons stated above, the Court **DENIES** the (ECF No. 85) Joint Motion to Stay re Clerk's Judgment, Clerk's Judgment Without Bond by Defendants Zurich American Insurance Company and Discover Property and Casualty Company.

This case remains closed.

**IT IS SO ORDERED.**

**8/31/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**